Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2364/09 C 7652 | **DATE** | 8/2/2011 |
| **CASE TITLE** | In Re: Aqua Dots Products Liability Litigation | | |

**DOCKET ENTRY TEXT**

Status hearing set for 9/8/2011 at 9:00 a.m. to discuss the status of member cases not directly impacted by the pending appeal in Seventh Circuit case number 10-3847. Parties are to file a joint status report on or before 8/30/2011 regarding: (1) the remaining parties' desire to proceed with litigation in member case number 08 C 6914 at this time; (2) the need for further briefing on Moose Enterprise Pty Ltd.'s pending motion to dismiss in member case number 09 C 4001 [35]; (3) the identification of any pending motions in lead case number 08 C 2364 that will be ripe for resolution by this court upon remand from the Seventh Circuit; and (4) the parties' proposed schedule for proceeding with consolidated expert discovery in the lead case and all member cases. The Monje Plaintiffs' motion for suggestion of remand in member case number 09 C 7652 [22] is denied for the reasons set forth in the Statement section of this order.

■[ For further details see text below.]

Notices mailed.

# STATEMENT

Plaintiffs Mark Monje and Beth Monje (together "Monje Plaintiffs") have asked that this court recommend to the Judicial Panel on Multidistrict Litigation (the "Panel") that the Panel remand member case *Monje v. Spin Master, Inc.*, 09 C 7652 (N.D. Ill.), to the United States District Court for the District of Arizona. (Dkt. No. 22.)

Pursuant to statute, the Panel must remand MDL member cases to the district from which they were transferred "at or before the conclusion of" coordinated or consolidated pretrial proceedings. 28 U.S.C. § 1407(a). The transferee court may recommend the remand of an action by the Panel prior to the conclusion of pre-trial proceedings "by filing a suggestion of remand with the Panel." Rule 10.1(b), Rules of Procedure of the Judicial Panel on Multidistrict Litig. The decision whether to remand a case prior to the conclusion of pre-trial proceedings "generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL." *In re Bridgestond/Firestone, Inc., ATX, ATX II, and Wilderness Tires Products Liability Litigation*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). In other words, remand may be appropriate if "everything that remains to be done is case-specific." *Id.*

The Monje Plaintiffs contend that remand is appropriate in their member case, because the common "core-liability discovery" that initially favored MDL joinder has since been completed and "[f]inal resolution of the Monjes' personal injury action will not benefit from the further coordinated participation in the MDL proceeding." (Dkt. No. 24 ("Monje Mem.") at 1-2.) According to the Monje Plaintiffs, the only discovery

remaining to be completed in member case 09 C 7652 "will center primarily on Ryan's medical condition and prognosis," and any personal injury experts hired by the Monje Plaintiffs will be "case-specific to Ryan." (Dkt. No. 33 ("Monje Reply") at 4.) The Monje Plaintiffs contend that "the issue of whether the Aqua Dots caused long-term health consequences is not probative in the Monje case," because "Ryan's permanent brain injury is believed to have resulted from oxygen deprivation from respiratory failure which he suffered by ingesting GHB-laced Aqua Dots." (*Id.*)

Defendants Spin Master, Inc., Spin Master, Ltd., and Toys "R" Us-Delaware, Inc. (collectively "Defendants") take the position that remand is not appropriate, because "[e]xpert discovery regarding issues common to all actions has yet to be completed." (Dkt. No. 29 ("Defs.' Resp.") at 1.) Specifically, Defendants intend to rely on two different toxicology experts, who will offer opinions regarding "the health effects of ingesting Aqua Dots beads," and two different safety/quality assurance experts, who will offer opinions regarding "regulatory and good manufacturing practices and standard procedures used in the toy industry." (*Id.* at 3.) Defendants also note the potential for inconsistent legal rulings, insofar as this court has yet to rule on pending motions to dismiss and motions for summary judgment filed in the coordinated MDL cases.

The court finds that remand of member case 09 C 7652 is not appropriate at this time. Although the Monje Plaintiffs may be correct in their assertion that "[t]he MDL discovery that has been conducted has provided the Monjes with ample evidence to prove the hazardous nature of the product," (Monje Reply 2), the court cannot accept the Monje Plaintiffs' conclusion that common core-liability discovery is therefore complete. Defendants, too, deserve the benefits of coordinated and consolidated pre-trial discovery. Whether a toddler's ingestion of Aqua Dots can or does cause respiratory failure is an important question of fact likely to be an issue in at least two of the other member cases, *see* 08 C 6914 (Compl. ¶ 13) (alleging that four-year-old Jackson Lewin "was intubated for respiration" after ingesting Aqua Dots) and 09 C 4001 (Am. Compl. ¶ 22) (alleging that sixteen-month-old Andrew Emenaker was "having difficulty breathing" after ingesting Aqua Dots), as well as in the lead case, *see* 08 C 2364 (Consolidated Am. Class Action Compl. ¶¶ 36-39, 46-47) (alleging that the 1,4-butanediol contained in Aqua Dots can cause "respiratory depression" and "difficulty breathing" when ingested and metabolized by the human body). Because the discovery sought by Defendants regarding the "health effects of ingesting Aqua Dots" is not case-specific, remand of the Monje Plaintiffs' case is not appropriate at this time. Moreover, in arguing for the remand of their member case, the Monje Plaintiffs largely ignore their own claims for negligence and breach of implied warranty. These claims also include manufacturing issues relevant to all member cases, and Defendants are entitled to explore these issues through expert discovery and proper pre-trial motions. Accordingly, the Monje Plaintiffs' "Motion for Suggestion of Remand" (Dkt. No. 22) is denied.

*James F. Holderman*

| | Courtroom Deputy Initials: | A.M.M. |
|---|---|---|